United States District Court
Middle District of Florida
Jacksonville Division

**WAYNE LEE BUSBY,**

    *Plaintiff,*

v.                                                          No. 3:14-CV-544-J-34PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

## Report & Recommendation

Wayne Lee Busby's attorney, Chantal Harrington, Esquire, has filed a motion under 42 U.S.C. §§ 406(b), 42 U.S.C. § 1383(d)(2) (incorporating § 406(b)), 20 C.F.R. § 404.1728(b), and 20 C.F.R. § 416.1528(b), asking for authorization to charge Busby $14,564.45 for her successful representation of him in the case.[1] Doc. 24. The Commissioner of the Social Security Administration does not oppose the motion. Doc. 24 ¶ 12. Busby's position is unknown. I recommend granting the motion.

### I.   Background

Busby applied for disability benefits and supplemental security income. Tr. 23. Following initial steps, Tr. 23–33, an Administrative Law Judge found he was not disabled, Tr. 20–37, and the Appeals Council denied his review request, Tr. 1–3. Michael Sullivan, Esquire, represented him at the administrative hearing. Tr. 23.

---

[1]Harrington also asks the Court to order that payment be made to, "Chantal J. Harrington, P.A." Doc. 24 at 3. There is no apparent reason to deny that request.

Busby brought this case to challenge the denial of benefits. Doc. 1. He and Harrington entered into a standard contingent-fee agreement under which she agreed to represent him in the case, and he agreed to pay her 25 percent of any past-due benefits minus any attorney's fees paid under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 24-3.

Busby filed a complaint, Doc. 1, followed by a 25-page brief arguing why the Commissioner was wrong, Doc. 14, and the Commissioner filed a 17-page brief arguing why she was right, Doc. 17. The Court reversed the denial of benefits and remanded the case for further agency proceedings. Doc. 19. It granted Busby's request for $3,928.45 in EAJA fees based on 20.7 hours at $189.78 an hour. Doc. 22.

On remand, the agency determined Busby was entitled to $100,797.80 in past-due benefits. Doc. 24-4 at 1. It informed him of the determination by letter dated May 10, 2016. Doc. 24-4 at 1. It set aside 25 percent ($25,199.45) for attorney's fees. Doc. 24-4 at 1. Harrington represents Sullivan intends to file a fee petition for $10,635 for his work during the agency proceedings. Doc. 24 ¶ 4. Harrington filed the petition on May 23, 2016. Doc. 24.

## II. Authority

Three provisions governing attorney's fees apply: 42 U.S.C. §§ 406(a) and (b) (incorporated in 42 U.S.C. § 1383(d)(2)),[2] and the EAJA, 28 U.S.C. § 2412(d).

---

[2] 42 U.S.C. § 1383(d)(2) (governing attorney's fees for supplemental security income cases) does not incorporate § 406(a)(4), which authorizes the Commissioner to certify attorney's fees out of the claimant's past-due benefits for work done during the agency proceedings.

Section 406(a) provides an attorney may request fees for work done during the administrative proceedings, and the agency must allow them if the claimant succeeded on appeal. In reviewing the request, the agency considers various factors. *See* 20 C.F.R. §§ 404.1725(b), 416.1525(b). Alternatively, an attorney may file a contingent-fee agreement before the benefits ruling. 42 U.S.C. § 406(a)(2)(A). If the claimant succeeds, the agency will approve the agreement if the fees do not exceed 25 percent of past-due benefits, or $6000, whichever is less. 42 U.S.C. § 406(a)(2)(A)(ii), (iii); 74 Fed. Reg. 6080 (Feb. 4, 2009).

For representation during court proceedings, § 406(b) provides an attorney who obtains remand may request fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–76 (11th Cir. 2006). The fees are from—not in addition to—the past-due benefits. 42 U.S.C. § 406(b)(1)(A). The combined fees under §§ 406(a) and 406(b) may not exceed 25 percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). A § 406(b) petition must be filed "no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees." *See In re: Procedures for Applying for Attorney's Fees Under 42 U.SC. §§ 406(b) and 1383(d)(2)* (M.D. Fla. Nov. 14, 2012).

Under the EAJA, a court must order the United States to pay fees to a party who prevails against the United States, unless the United States' position was substantially justified or a special circumstance makes an award unjust. 28 U.S.C.

3

§ 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 an hour (unless a special circumstance or cost-of-living adjustment justifies more). *Id*. An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant, and may do so by deducting the EAJA fees from the § 406(b) petition. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

A court must follow the framework in *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002), when evaluating an attorney's request for § 406(b) fees based on a contingent-fee arrangement. In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that led to an accumulation of benefits while the case was pending, or the "benefits are large in comparison to the amount of time counsel spent on the case," thereby creating a windfall to the attorney. *Id.*

*Gisbrecht* held the claimant's attorney has the burden of showing the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite

litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

When assessing the reasonableness of requested fees, courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fees. *Jeter v. Astrue,* 622 F.3d 371, 382 (5th Cir. 2010). As to *Gisbrecht*'s windfall prohibition, the Fifth Circuit has explained:

> [I]f a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time. In this way, *Gisbrecht*'s "windfall" does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of his own making.

*Id.* at 381.

### III. Analysis

The petition is timely because Harrington filed it within 30 days of the date of the letter. *See* Doc. 24 (petition filed May 23, 2016); Doc. 24-4 at 1 (past-due-benefits letter dated May 10, 2016).

Harrington arrives at her request for authorization to charge $14,564.45 in § 406(b) fees as follows: $25,199.45 (25 percent of Busby's past-due benefits of $100,797.80) minus $10,635 (the amount of § 406(a) fees Sullivan intends to request).

5

Doc. 24 ¶ 4. She represents she will refund to Busby the $5,515.43 EAJA award. Doc. 24 ¶ 8.

To satisfy her burden of establishing that the requested fee is reasonable, she points to the following facts: (1) the fee does not exceed 25 percent of Busby's past-due benefits, (2) there is no allegation she provided substandard representation or unduly delayed the case, (3) Busby received substantial past-due benefits, (4) the primary focus of her practice is social security, and (5) she took the risk of representing Busby with no assurance of success. Doc. 24-1 at 7–10.

I find the requested fee is reasonable. Although this case was not more difficult or riskier than most (Harrington does not claim otherwise), several factors combine to favor a finding of reasonableness: the requested fee is less than 25 percent of Busby's past-due benefits, Harrington is an expert in social-security law, Harrington accepted the case despite the general risks of filing social-security cases after initial agency setbacks, Harrington exhibited diligence, and Harrington succeeded.

In recommending that finding, I am mindful that a downward adjustment is in order if the benefits are large compared to the time spent on the case, *see Gisbrecht, 535 U.S. at 808*, and that Busby's past-due benefits were substantial ($100,797.80), Doc. 24-4 at 1, while Harrington's hours on the case were not (20.7 hours), Doc. 24 ¶ 8, making her effective hourly rate—over $700—presumably much higher than her ordinary hourly rate.[3] But based on all of the above facts, I attribute Busby's success

---

[3]Harrington has not disclosed her hourly rate in non-contingent fee cases, and it is unclear whether she reduced the hourly rates that she claimed in her EAJA

to her efficient endeavors, making it appropriate for her to "reap the benefit of [her] work." See *Jeter*, 622 F.3d at 380–81 (quoted).

### IV. Conclusion

I recommend the Court:

1. **grant** Harrington's motion, Doc. 24;

2. **authorize** Harrington to charge Busby **$14,564.45** in § 406(b) fees out of his past-due benefits award for her successful representation of him in the case with instruction that payment be paid to, "Chantal J. Harrington, P.A."; and

3. **order** Harrington to refund Busby $3928.45 upon receipt of the $14,564.45 in § 406(b) fees.

**Entered** in Jacksonville, Florida, on July 12, 2016.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: The Honorable Marcia Morales Howard
Counsel of Record

---

motion ($189.78), Doc. 21, solely to comply with the $125 (plus cost-of-living adjustment) limit under 28 U.S.C. § 2412(d)(2)(A).

7